# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK OMOYUMA SILVER,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT BUREAU OF ELKO COUNTY, INC.,<br><br>Defendant. | Case No.: 3:19-cv-00143-MMD-WGC<br><br>**Order**<br><br>Re: ECF No. 12 |

Plaintiff filed an application to proceed in forma pauperis (IFP) and pro se complaint. (ECF Nos. 1, 1-1.) On July 12, 2019, the court issued an order granting Plaintiff's application to proceed IFP, and screened the pro se complaint. The court found that liberally construing the allegations of the complaint, Plaintiff asserted some colorable claims under the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et. seq.*, against Credit Bureau of Elko County, Inc. Specifically, he was allowed to proceed with his claim that the Defendant violated 15 U.S.C. § 1692d(5), (6), and § 1692e(11). The court dismissed his other claims with leave to amend. The order, issued July 12, 2019, gave Plaintiff 30 days to file an amended complaint curing the deficiencies noted in the order and asserting factual allegations to support the claims. Plaintiff was cautioned that a failure to file an amended complaint within the 30 days would result in the action proceeding only with respect to the FDCPA claims outlined in the order. (ECF No. 4.)

The 30 days passed, and Plaintiff did not file an amended complaint. Instead, on July 25, 2019, he filed a document indicated that he accepted and agreed with the report and recommendation, indicating that he wished that the claims that the court recommended proceed

should proceed and those that the court recommended be dismissed should be dismissed. (ECF No. 6.) Then, on September 9, 2019, Plaintiff filed a motion to add a party (ECF No. 12) which seeks to add two parties: Great Basin College and its Student Account Specialist Justine Stout as defendants, stating nothing about the circumstances surrounding the proposed amendment except that "circumstances have changed since the filing of the original complaint." He includes a document titled "First Amended Complaint and Claims," but that document merely names the proposed parties and includes no allegations relative to any of the parties.

Local Rule 15-1 requires a moving party to attach a proposed amended pleading to a motion for leave to file an amended complaint, and the proposed amended pleading "must be complete in and of itself without reference to the superseded pleading." In addition, while leave to amend is to be freely given under Federal Rule of Civil Procedure 15(a)(2), the court need not give leave to amend where doing so is, among other things, futile or the amended complaint would be subject to dismissal. *See Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see also Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). The action is currently proceeding only on the claims under the FDCPA against Credit Bureau of Elko County, Inc. identified in the screening order. The proposed amended pleading does not include any *factual allegations* against Great Basin College or Ms. Stout. In fact, it does not even contain the factual allegations against the original defendant. Therefore, Plaintiff's motion to amend (ECF No. 12) is **DENIED**.

The Clerk shall **ISSUE a** summons for Credit Bureau of Elko County, Inc. and send the same to the U.S. Marshal. The Clerk shall also **SEND** a copy of the complaint and this order to the U.S. Marshal for service on the defendant. The Clerk shall **SEND** to plaintiff the USM-285 form. Plaintiff has **14 days** to complete the USM-285 service form and return it to the U.S. Marshal for

2

service, 400 S. Virginia Street, 2nd Floor, Reno, Nevada 89501. If Plaintiff fails to follow this order, this defendant will be dismissed for failure to complete service of process under Federal Rule of Civil Procedure 4(m). Within **20 days** of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, if the defendant was not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted. Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of this Order.

If Plaintiff should require additional time to meet deadlines set by this court, he must file a motion for an extension of time in accordance with Local Rule 26-4. If he requires an extension of time to effectuate service, the motion must be supported by good cause and shall be filed *before* the expiration of the ninety-day period.

Once service is accomplished, Plaintiff shall serve a copy of every pleading, motion or other document submitted for consideration by the court upon the defendants or, if an appearance has been entered by counsel, upon the attorney. Plaintiff shall include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was mailed to the defendant or counsel. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

**IT IS SO ORDERED**.

Dated: December 12, 2019.

                                                     William G. Cobb
                                                   United States Magistrate Judge